*Formatted for Electronic Distribution*                                    *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT



In re:

    **Dennielle Brinkman,**       **Chapter 7 Case**
             **Debtor.**       **# 07-10182**

Filed & Entered
On Docket
February 9, 2011

## ORDER
### ALLOWING CASE TO CLOSE WITHOUT ENTRY OF SECOND CHAPTER 7 DISCHARGE

      This case raises the question of whether a debtor is entitled to a second chapter 7 discharge in a "chapter 27" bankruptcy case. Dennielle Brinkman and her husband (the "Debtors") filed a voluntary chapter 7 petition on April 2, 2007.[1] On July 6, 2007, the Court entered an order granting the Debtors a chapter 7 discharge (doc. # 20). On July 20, 2007, the Court entered an order closing the case (doc. # 22). The Court subsequently entered an order (doc. # 24) vacating the case closing order because it determined the closing was premature as the chapter 7 trustee had not yet filed his final report.[2]

      On October 19, 2007, the Debtors moved to convert the case to chapter 13 in order to cure their post-petition mortgage arrears. The Court granted the motion to convert to chapter 13 on November 15, 2007 (doc. # 28), thus creating a "chapter 20" case. On December 12, 2007, the Court entered an order (doc. # 33) granting the Debtors' motion to sever the case with respect to Debtor Michael Brinkman. On January 15, 2008, the Court entered an order (doc. # 42) confirming the chapter 13 plan of Dennielle Brinkman (hereafter the "Debtor"). The Court then entered an order granting relief from stay on March 19, 2010 (doc. # 52). The Debtor did not complete the chapter 13 plan and no chapter 13 discharge was ever entered.

      On July 1, 2010, the Debtor filed an amended notice of voluntary conversion to chapter 7 (doc. # 55), and on July 6, 2010, the Court entered an order (doc. # 57) converting the chapter 13 case to a case under chapter 7, thus creating the "chapter 27" case.

      The chapter 7 trustee appointed in the second chapter 7 phase of this case filed his report of no distribution on August 10, 2010. The chapter 13 trustee filed his final report and account for the chapter 13 phase of the case on November 29, 2010, and the Court entered an order approving the chapter 13 final report on December 27, 2010 (doc. # 62).

---

[1] The case was filed with co-debtor Michael Brinkman, whose case was severed on December 12, 2007 (doc. # 33) and then voluntarily dismissed.

[2] The chapter 7 trustee ultimately filed his report of no distribution on January 6, 2008.

1

At that point, the case was ready for the entry of a final decree and to be closed, and the question that arose was whether the Debtor was entitled to a second chapter 7 discharge in this case. The Bankruptcy Code provision that generally determines a debtor's right to discharge in chapter 7 states that:

>   (a)   The court shall grant the debtor a discharge, unless--
>   . . .
>   (8)   the debtor has been granted a discharge **under this section**, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, **in a case commenced within 8 years before the date of the filing of the petition**[.]

11 U.S.C. § 727(a)(8) (emphasis added).

In order to give the Debtor an opportunity to present her argument as to why entry of a second discharge for a single filing fee was proper, and to entertain arguments as well from the two chapter 7 trustees who had served in this case and Office of the United States Trustee, the Court entered an order on January 5, 2011, directing the Debtor to appear and show cause why the instant chapter 7 case should not be closed without entry of a second discharge order, and setting a deadline for the filing of memoranda of law if the Debtor, either of the chapter 7 trustees, or the United States Trustee wished to file written arguments (doc. # 64). On January 28, 2011, the United States Trustee filed a response to the Court's order to show cause, arguing that § 727(a)(8) clearly mandated that a debtor is not eligible for a chapter 7 discharge until at least eight years after the date the debtor received a prior chapter 7 discharge (doc. # 67). The United States Trustee relied upon In re Bartle, 560 F. 3d 724, 727 (7th Cir. 2009) to support its position that § 727(a)(8) precludes the granting of a second chapter 7 discharge when a chapter 13 case converts to chapter 7 and the debtor recently received a prior chapter 7 discharge. While Bartle addresses the interpretation of § 727(a)(8) in a converted case, it is not entirely on point for two reasons. First, in Bartle the court addressed the applicability of § 727(a)(8) when a debtor's case converted to chapter 7 from chapter 11, whereas in this case the Debtor converted to chapter 7 from chapter 13. Second, and more significantly, the debtor in Bartle received the first chapter 7 discharge in a prior case, whereas herein there are two chapter 7 orders for relief in a single case.

No other party filed a memorandum of law on the issue.

On February 1, 2011, the Court held a hearing on the order to show cause, at which Kevin Purcell, Esq., of the Office of the United States Trustee, was the only party to appear. The Court entered a ruling on the record at that hearing, and enters this Order to articulate its rationale.

The Court begins its analysis by observing that the text of the controlling provision, § 727(a)(8), prohibits entry of a second chapter 7 discharge only if a prior chapter 7 discharge was entered during the

2

eight-year period <u>before</u> the filing of the instant petition, and in this case the prior chapter 7 discharge was entered <u>after</u> the filing of the instant petition. The Court has not found, and the parties have not presented, any case that construes § 727(a)(8) in the context of a chapter 27 case. However, recent Supreme Court jurisprudence is instructive. The Supreme Court has addressed statutory construction of several bankruptcy statutes and has held that bankruptcy courts should look to the purpose of the Bankruptcy Code (<u>see</u> <u>Milavetz v. United States</u>, 130 S. Ct. 1324 (2010); <u>see</u> <u>also</u> <u>Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365 (2007)), and has also cautioned courts against adopting statutory interpretations that lead to nonsensical results (<u>see</u> <u>Milavetz</u>, 130 S. Ct. at 1333, n. 4). Congress clearly intended to prohibit debtors from receiving more than one chapter 7 discharge within an eight-year period when it enacted 11 U.S.C. § 727(a)(8). To allow a debtor a second chapter 7 discharge during an eight-year period – solely because the earlier discharge was entered after the pending petition was filed, rather than before – would unequivocally be contrary to Congressional intent as it would allow two chapter 7 discharges within a time period dramatically shorter than the eight-year bar this provision establishes. Such an interpretation would border on the nonsensical.

The Court finds the sounder interpretation of this provision to be the one put forward by the United States Trustee, namely that a debtor may not receive more than one chapter 7 discharge during any eight-year period. Having adopted that interpretation of §727(a)(8), the Court finds that §727(a)(8) is applicable to the facts of this case and precludes the Debtor from receiving a second chapter 7 discharge in this case.

Accordingly, IT IS HEREBY ORDERED that this case shall be closed without entry of a second chapter 7 discharge.

SO ORDERED.

February 9, 2011  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge